Decree reversed on the law and facts, with costs to the appellant payable out of the estate and matter remitted to- the Surrogate’s Court to enter a decree dismissing the proceeding. New findings "of fact made. Memorandum: The first trial of this proceeding resulted in a decree dismissing the petition. On appeal, this court reversed, directing- a new trial (269 App. Div. 964). The parties elected to offer no additional testimony and submitted the matter for adjudication on the previous record. The Surrogate misconstrued the import of our previous decision and, although he states in his memorandum, in effect that he, except for our previous reversal, would have made the same determination as he did on the first trial, nevertheless, made a decree awarding the petitioner the relief sought by him in the discovery proceeding. On this appeal, under the authority of the Surrogate’s Court Act, we have examined the record as if it were an original application made in this court and do hereby make the following findings of fact: The decedent was, at her death, not less than seventy-four nor more than seventy-eight years of age — the testimony as to her exact age being conflicting. Although she had suffered from a heart ailment for, some years, she was, otherwise, an alert, vigorous woman, in all respects mentally competent. She was a strong character and in no way was she subject to the domination of the respondent [appellant herein] or any other person. She was very close to the respondent-and evidenced little or no affection for her nephew, the present administrator. Beginning with the year 1936, and continuing from then until a short time prior to, her final illness in May, 1943, she made numerous transfers of money from her bank accounts and of stock in one corporation to the respondent. All these transfers, were made freely and voluntarily by her, and when she was entirely competent. None of the transfers were the result of any domination of her by respondent, and were not induced by fraud, deception or undue influence practiced by the respondent or by any other person in her behalf. In transferring the money and stock to the respondent, the decedent intended to divest herself of all right, title and interest in that property and to vest title to, same completely in the respondent. While during an illness on account of which the decedent was hospitalized from December 30, 1941, to January 8, 1942, she was, during her stay in the hospital, at times, irrational, and while during her last illness in the hospital beginning May 24, 1943, until the time of her death, June 23, 1943,. she was at times irrational, still none of the transfers were made during those *957 periods, but on the contrary, all were made at times when she was entirely competent mentally to make same. Upon the'entire record we find that the petitioner [respondent herein] failed to establish that any of the property, the subject of the inquiry in the discovery proceeding, belonged to the decedent at the time of her death, was a part of her estate, or that petitioner was entitled to have same surrendered to him by the respondent. Upon the foregoing findings of facts the decree of the Surrogate’s Court of Brie County is reversed and the matter remitted to the Surrogate with a direction to enter a decree dismissing the petition herein upon the findings of fact made herein by this court, with costs of this appeal to the appellant payable out of the estate. All concur. (The decree directs payment of cash and securities to the administrator of an estate.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ. [See post, p. 992.]